U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 7 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN SIVONGSAK, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:16-CV-327-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Stephen Sivongsak, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition is successive and should be dismissed for lack of jurisdiction.

**I. Factual and Procedural History**

On March 14, 1997, pursuant to a plea agreement, petitioner, who was certified to stand trial as an adult, pleaded guilty in the Criminal District Court Number Three of Tarrant County,

Texas, Case No. 0591052A, to the murder of Ricky Harvick with a deadly weapon and was sentenced to life imprisonment. (State Habeas R. WR-75,991-01 at 36, ECF No. 11-1.) Petitioner was sixteen years old when the offense was committed. Petitioner did not appeal his conviction or sentence. (Pet. at 3, ECF No. 1.) He has however filed two relevant state habeas-corpus applications. The first application, filed on April 24, 2011,[1] was denied by the Texas Court of Criminal Appeals on June 22, 2011, without written order on the findings of the trial court. (State Habeas R. WR-75,991-01 at cover, ECF No. 11-1.) The second application, filed on January 13, 2014, was dismissed by the Texas Court of Criminal Appeals as a subsequent application on March 5, 2014. (State Habeas R. WR-75,991-02 at 12 & "Action Taken," ECF Nos. 2 & 3.) Petitioner has also filed two prior federal habeas petitions. The first petition, filed on August 19, 2011, was dismissed on limitations grounds on January 12, 2012. (Final J., Sivongsak v. Thaler, No. 4:11-CV-604-Y, ECF No. 13.) The second petition, filed April 14, 2014, was transferred to the Fifth Circuit Court of Appeals for authorization to file a successive

---

[1] Typically, a petitioner's state habeas application is deemed filed when placed in the prison mailing system, however petitioner's applications do not provide that information. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Instead, the applications are deemed filed on the dates Petitioner signed the "Inmate's Declaration" verifying the applications.

2

petition. The Fifth Circuit granted authorization to file a successive petition on August 1, 2014, stating:

> The grant is, however, "tentative" to the extent that the district court must dismiss Sivongsak's § 2254 application, without reaching the merits, if the district court determines that Sivongsak has failed to satisfy the requirements for filing such an application.

(Order, In re Sivongsak, Case No. 14-10492.) The instant petition was filed on April 30, 2016. (Pet. 10, ECF No. 1.)

Petitioner raises two grounds for relief: (1) his life sentence as a juvenile offender constitutes cruel and excessive punishment under the holding in *Miller v. Alabama,* 567 U.S. 460 (2012), and (2) his trial counsel was ineffective by failing to object to "paragraph 111 of [the] petition requesting [the] juvenile court to waive jurisdiction." (Pet. 6, ECF No. 1.) Respondent contends that petitioner's claims are successive, and, thus, this court is without jurisdiction to consider them, or, in the alternative, that the petition is untimely under the federal statute of limitations. (Resp't's Answer at 1, 3-9.)

## II. Discussion

Title 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was not presented in a prior petition must be dismissed

3

unless—

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

Under petitioner's first ground, he claims his life sentence is excessive, cruel, and unusual under *Miller v. Alabama*, 567 U.S. 460 (2012), because he was 16 years old at the time of the offense. The Supreme Court held in *Miller* that the Eighth Amendment prohibits mandatory life sentences <u>without the possibility of parole</u> for juvenile offenders. Although the claim was not previously available to petitioner when he filed his first petition in 2011 and the Supreme Court has held that *Miller* established a new rule of constitutional law that applies retroactively to cases on collateral review, the case has no factual application to petitioner's case. *Montgomery v. Louisiana*, — U.S. —, 136 S. Ct. 718 (2016). Petitioner was not

4

sentenced to life imprisonment without the possibility of parole. In fact, TDCJ's website shows that petitioner will be eligible for parole on July 13, 2025. TDCJ's Offender Information Details, *available at* http://www.tdcj.state.tx.us/offender_information.

Under petitioner's second ground, he claims his trial counsel was ineffective during the certification hearing in juvenile court by failing to object to a paragraph in the petition requesting the juvenile court's waiver of jurisdiction containing misleading or erroneous information. This claim is successive because it could have been raised in petitioner's first federal petition but was not. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 f>3d 234, 235 (5th Cir. 1998). And, petitioner makes no effort to satisfy the requirements of § 2244(b)(2). He cites to no new rule of constitutional law made retroactive to cases on collateral review in support of his claim or explain why he could not have discovered the factual predicate for the claim previously through the exercise of due diligence.

Petitioner fails to satisfy § 2244(b)(2)'s requirements for filing a successive petition. Thus, this court must dismiss the petition for lack of jurisdiction.

For the reasons discussed herein,

5

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed for lack of jurisdiction. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a showing that reasonable jurists would question this court's procedural ruling.

SIGNED July 7, 2017.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE